THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - -X
FRANK SUMMERS,                     :
CARL BAILEY,
GREGORY BURROUGHS, <u>et al.</u>,        :      CA  <u>98CV02692</u>
                                              (AK)
            Plaintiffs,            :

        v.                         :

HOWARD UNIVERSITY,                 :
            Defendant.
- - - - - - - - - - - - - - - - -X
            MOTION FOR ATTORNEYS' FEES AND COSTS
            PURSUANT TO MAGISTRATE KAY'S ORDER
    BASED ON THE PARTIES' DECEMBER 9, 2001 SETTLEMENT AGREEMENT

        **COMES NOW PLAINTIFFS**, through undersigned counsel, and

herein respectfully request that Special Master, Marshall Berman,

consistent with the December 9, 2001 Settlement Agreement, the

originally-filed fee petition, and Magistrate Kay's Order in this

matter, award reasonable attorneys' fees and costs to counsel for

plaintiff for the substantive work undertaken after plaintiffs

filed their original fee petition in August of 2002.  The attached

memorandum, and declarations, along with the attorney work-time

summary further support the granting of this request.

                        Respectfully submitted,

                        _____
                        Kathleen A. Dolan
                        John F. Kennedy
                        D.C. Bar #413509
                        8601 Georgia Avenue, Suite 910
                        Silver Spring, MD 20910
                        (301) 608-3000
                        Counsel for Plaintiffs

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - -X
FRANK SUMMERS,                          :
CARL BAILEY,
GREGORY BURROUGHS, et al.,               :        CA    98CV02692
                                                         (AK)
          Plaintiffs,                    :

     v.                                  :

HOWARD UNIVERSITY,                       :
          Defendant.
- - - - - - - - - - - - - - - - -X
MEMORANDUM IN SUPPORT OF
COUNSEL FOR PLAINTIFFS' SUPPLEMENTAL MOTION FOR
ATTORNEYS' FEES

     In support of this request, plaintiffs respectfully state
as follows:

     On December 9, 2001, two days prior to the jury trial of
the liability phase of this matter and only after Magistrate Kay
had scheduled a sanctions hearing to determine whether Howard's
evidence would be limited based upon its admitted destruction of
requested timekeeping documents in this over-time suit, the parties
entered into a written agreement disposing of the liability phase;
and set a plan as to how to resolve the damages phase.

     The agreement also called for an award of a "reasonable
attorneys' fee."   There was no date "after which" the fee
calculations would end; and there was no time period after which
the agreement did not apply.  While it was tacitly understood that
the fee petition referenced within the agreement would dispose of
the attorneys' fees portion of matter in its entirety, it was also
tacitly understood that the matter would be done with and checks
disbursed to the plaintiffs prior to the attorneys' fee

2

determination.

It was never foreseen (nor could it ever have been by the plaintiffs) that the settlement would be appealed.

Despite the clear intent of that settlement agreement, defendant Moved to Vacate it, then appealed Magistrate Kay's denial of that request. Plaintiffs' challenged defendant's right to appeal the Court's denial -- and defendant all but laughed at plaintiffs for suggesting that the appeal was not ripe; Magistrate Kay also found that the appeal was not ripe as the damages in the matter were still to be resolved by Master Berman.

A couple of months later, the Court of Appeals required Howard to show cause why its appeal should not be dismissed as interlocutory. Ultimately the show cause order was dismissed, and the matter set for argument on May 8, 2003.

Despite both parties' asking the Court of Appeals to rule on the merits (since otherwise the matter was to drag on for over a year more) the Court of Appeals dismissed the matter for want of jurisdiction -- an argument plaintiffs had made months earlier and adopted by Magistrate Kay months earlier in District Court.

Consistent with the Court of Appeals ruling, and upon Magistrate Kay's affirmance of Master Berman's findings for both the damages awards and the attorneys' fees, defendant appealed that ruling.

10 months after the "jurisdiction" argument, in March of 2004, argument was held on the merits. In July of 2004, the Court finally affirmed Magistrate Kay's denial of defendant's Motion to

Vacate, and ultimately defendant paid the judgment in this matter.

The enforceability of this contract is now unquestionable. Even the Court of Appeals makes that clear to all in affirming the lower court's ruling: "Under these circumstances, . . .the balance tilts decisively in favor of preserving the finality of the judgment." Summers, infra at 10. The "judgment" referred to is the settlement agreement, ultimately incorporated into a consent decree which the Court of Appeals "refus[ed] to vacate," Summers v. Howard, 03-7074, footnote 2.

Upon final disposition of the case, plaintiffs made a timely request for the opportunity to file a supplemental fee petition pursuant to the terms of the settlement agreement -- since there had been over 2 years worth of work at both the District and Appellate level in this "settled" case.

Defendant vehemently opposes plaintiffs' authority to file such a petition. The Court refers the matter to Master Berman for a determination as to whether or not supplemental fees should be awarded under the Settlement Agreement of December 9, 2001.

Plaintiffs herein submit the attached Motion for Supplemental Fees and supporting documents and respectfully request that they be found to be reasonable, adopted by the Special Master, affirmed by the Court, and Ordered to be paid by Howard consistent with the December 9th agreement.[1]

---

[1]Plaintiffs are not seeking reimbursement for the several hours it took to prepare this document (recoverable hours in a regular fee petition). This is in part because part of the proof in a formal fee petition is that plaintiff is the prevailing party.

**A.    Calculation of Reasonable Fees**

Reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 242, 433 (1983), the seminal case on this issue.  The figure resulting from this calculation is more than a mere "rough guess" or initial approximation of the final award to be made.  "When the applicant for a fee has carried [her] burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled, Blum v. Stetson, 465 U.S. 886, 897 (1984).  Also see, City of Burlington v. Dague, 505 U.S. 557, 562 (1992) holding that there is a "strong presumption" the product of reasonable hours times reasonable rates represents the reasonable fee.

With the U.S. Supreme Court as a backdrop, and the documentation and support provided herein, counsel respectfully

---

No such requirement arises herein since plaintiff relies solely on the written settlement with the defendant that the arbitrator **will** award a reasonable attorneys' fee.  If the defendant chooses to litigate whether or not plaintiffs are entitled to recover these fees under the agreement, however, counsel for plaintiffs will be submitting a supplemental petition and memorandum seeking the attorneys' time expended in litigating the fee issue.  See Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154 (1990) (. . . party can recover reasonable fees for fee litigation).  Plaintiffs, in good faith, are also not seeking to recover for electronic research, travel time, or any phone calls.  Notably, a cursory review of the file reveals there were at least 150 post-fee-petition calls just from Plaintiffs' (since there are 67 plaintiffs!).  Plaintiffs simply seek acknowledgement that 3 years' worth of attorney time after a case has settled does not result in a windfall to the defendant -- when the matter it exerted so much energy upon was ultimately affirmed by the Court (but only after 2 full briefing schedules and arguments).

requests -- and are entitled to -- the presumption that the fees presented in this Motion are reasonable.

**B.    Calculation of Reasonable Hours**

In computing the reasonable hours expended, the fee applicant should reference contemporaneous time and expense records. See Webb v. Board of Educ., 471 U.S. 234, 238 n. 6 (1985). While demanding contemporaneous and accurate supporting records, courts seek to avoid nit-picking disagreements, intransigence, and unreasonable negotiating positions in construing fee petitions and accord considerable deference to counsels' judgment on the amount of time they considered necessary to prepare and pursue the case. See, e.g., Commonwealth of Puerto Rico v. Heckler, 745 F.2d 709, 714, 240 App.D.C. 333, 338 (D.C. Cir. 1984); Nat'l Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1338, 219 App.D.C. 94, 113 (D.C. Cir. 1982). Once the Court is in a position to make a reasonably accurate assessment of the hours expended, it can then assess the justification for the hours claimed, ibid at 1327 where it goes on to state, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney."

Furthermore, in a hard-fought case, an appraisal that time spent was "not reasonable necessary" to the litigation "turns on so many subjective factors that it seldom should be the basis for reduction of an attorney's fee" Jaquette v. Black Hawk County, 710 F.2d 455, 460-62 (8th Cir. 1983).

Attached hereto are summaries of memorializations of time spent prosecuting/defending this long, tortuous matter.

**D.   Hours worked in this case**

The record is replete with justification for the attorney time spent in this case since the original fee petition was filed. Plaintiffs' request that supplemental fees be paid by defendant is reasonable, and consistent with the terms of the settlement agreement and -- frankly -- common sense.

Defendant has and (in all likelihood) will continue to argue that plaintiffs are not entitled to supplemental fees. Were the defendant to believe its own argument, it, too, would have performed over 2 years of work on a very contentious case, without any compensation. As indicated by plaintiffs in one of their opposition to defendant's absurd argument, yes -- this is a unique situation. There is absolutely no precedent to a case where there was a Appellate court-enforced settlement agreement -- and then two more years of wrangling, including two briefing schedules and appellate arguments.

Counsel could argue pages worth of examples during the tortured 2-years since the original fee petition was filed which have extrapolated not only the case, itself, but the attorney time involved.

Since both the Special Master and the Court are intimately familiar with the litigiousness of the defendant since December 9, 2001 "settlement" and the August 2002 original fee petition, it would be carrying coal to New Castle to re-hash them

here.

## E.   The Hourly Rates Requested Are Reasonable

As the attached affidavits demonstrate, the hourly rates requested by Plaintiffs' counsel are reasonable.  For reference, attached as Exhibit A is the United State's Attorney's Office Laffey Matrix.  The original Laffey fee matrix established the then-prevailing market rates for federal litigators in the District of Columbia.  See Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 371-72 (D.D.C. 1983).  The Laffey fee schedule has been described as "an accurate and updated schedule of fees in the District."  Trout v. Ball, 705 F.Supp. 705, 709, n.10 (D.D.C. 1989).  In short, the Laffey matrix, as updated and supplemented, provides specific evidence of the prevailing market rates for complex federal litigation in the District of Columbia.  Moreover, it is settled law that a prevailing party should be awarded attorney's fees at a rate based on the prevailing market rate for attorneys.  Covington v. District of Columbia, et al., 303 U.S.App. D.C. 16, 57 F.3d 1101 (1995).[2]

WHEREFORE, the reasons stated herein, with reference to the fee petition dated August 22, 2002, supporting documentation, and in conjunction with defendant's already agreed-upon and enforced written settlement agreement providing for reasonable

---

[2]It is plaintiffs' position, pursuant to the settlement agreement, that plaintiffs are the prevailing party and adopt the position applied to "prevailing party."  Howard has made no effort whatsoever, despite its proposal in the settlement agreement, to "agree to a number." Howard is obviously seeking this Court's award of such, through the Special Master and pursuant to that agreement.

attorneys fees in this matter, it is respectfully requested that: the Special Master find that under the settlement agreement plaintiffs are entitled to supplemental fees; that the fees and costs requested be deemed reasonable; and that Howard University be required to pay counsel for plaintiff the total professional fee of $61,560 -- representing 171 hours at the <u>Laffey</u> rate of $360 -- since both attorneys involved have been in practice between 11 and 19 years; and costs as requested on the attached exhibit in the amount of $1,119.53.

Finally, in good faith, plaintiffs are waiving any requests for the fees or costs provided for in the earlier footnote.

Respectfully submitted,

_____
John F. Kennedy
Kathleen A. Dolan
D.C. Bar #413509, #428925
8601 Georgia Avenue, Suite 910
Silver Spring, MD 20910
(301) 608-3000778
Counsel for Plaintiffs

9