UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANK SUMMERS, et al. )
)
Plaintiffs, )
)
v. ) Civil Action 98-2692 (AK)
)
HOWARD UNIVERSITY, )
)
Defendant. )
)

## SPECIAL MASTER'S SUPPLEMENTAL ATTORNEYS' FEES AND COSTS REPORT

Special Master Marshall F. Berman hereby submits this Special Master's Supplemental Attorneys' Fees and Costs Report in the above-captioned matter, pursuant to the Court's Order of July 19, 2005.[1] The Report deals with Plaintiffs' claim for fees and costs incurred in the matter since the submission of their August 2002 fees and costs petition.

## Background

Plaintiffs, seventy-one security guards employed by defendant Howard University, brought an action in November 1998 for unpaid overtime and liquidated damages under the Fair Labor Standards Act ("FLSA"). In May 2001 plaintiffs amended their action to allege that the FLSA violations also constituted violations of the District of Columbia Minimum Wage Act ("DCMWA"). On December 9, 2001, a settlement was reached under which the parties stipulated to a back pay and attorneys' fees and costs formula, and stipulated that a Special Master appointed by the Court would resolve any back pay and/or fee disputes.

---

[1] The Special Master is acting pursuant to the District Court's Order and takes no position regarding the merits of that Order, which is contested between the parties.

In January 2002 the Court appointed the undersigned as Special Master. Owing to contentious, protracted litigation after execution of the December 9, 2001 settlement agreement, the Special Master's Back Wage Report issued on January 2, 2003; the Special Master's Attorneys' Fees and Costs Report (for fees and costs through July 2002) issued on February 14, 2003; Orders of the United States District Court adopting the Special Master's Reports issued on May 7 and June 16, 2003, respectively; the United States Court of Appeals for the District of Columbia Circuit issued its mandate affirming the District Court's Orders on August 30, 2004; and on January 26, 2005, Defendant filed a Notice of Payment of Judgment and Interest. Subsequently, Plaintiffs moved the District Court *inter alia* for permission to file a Supplemental Petition for Fees and Costs incurred in the matter since August 2002, and Defendant filed an Opposition thereto. On July 19, 2005, the District Court issued a Memorandum Order granting Plaintiffs' Motion in relevant part and again referring the matter to the undersigned as Special Master. On September 29, 2005, Plaintiffs filed a Motion for Supplemental Attorneys' Fees and Costs (starting August 2002) with supporting documentation and Memorandum, and on October 24, 2005, Defendant filed an Opposition thereto with supporting Memorandum.

Defendant does not question the hourly rate requested by Plaintiffs, the Laffey matrix rate of $360. Rather, Defendant questions the sufficiency of Plaintiffs' documentation and certain aspects of the lodestar amount.

## I. Ministerial and Clerical Time
(Opposition pp. 6-9)

Defendant contends (Opposition p.7) that "communicating the status of the case to clients" is non-compensable ministerial time. However, time spent keeping clients informed of the status of a matter and related tasks are compensable legal work. Michigan v. U.S. Environmental Protection Agency, 254 F.3d 1087, 1093 (D.C. Cir. 2001). Therefore, the time entries for 1/6 and 1/7/03, 2/6/03, 5/8/03, 9/9/03, 1/16/04,

1/19/04, 8/4/04, 8/17/04, 10/7/04, 10/12/04, and 1/26/05 are not subject to challenge on grounds that the time is clerical or ministerial.

Defendant contends (Opposition pp.7-9) that certain portions of other entries may be clerical or administrative time. However, analyzing issues, formulating and drafting submissions relating to those issues, consulting applicable Rules as needed and revising are all integral parts of the advocacy process, not clerical or ministerial. See, American Petroleum Institute v. Environmental Protection Agency, 72 F.3d 907 (D.C. Cir. 1996); Michigan v. E.P.A., 254 F.3d 1087 (D.C. Cir. 2001). Here, the portions of the challenged entries, in context, were integral parts of the advocacy process:

| Date | Description |
|---|---|
| 9/20/03 | "input changes; prepare final document" were part of finalizing an Opposition requiring the exercise of legal judgment. |
| 11/10/03 | "insert dates into calendar; review Court of Appeals Rules" was part of analyzing and preparing to respond to a Court of Appeals Order. |
| 3/4/03 | "review Court Order/Briefing Schedule/Rules" was part of analyzing and preparing to respond to a Court Order. |
| 1/7/04 | "compile" in context was part of structuring a submission. |
| 3/8/04 | "fill out form for arguing appeal, review rules accompanying" was part of preparing a response to a Court Order. |
| 1/24/05 | "prepare for filing" in context was part of structuring a submission requiring legal judgment. |

Accordingly, these portions of entries, in context, were not clerical or ministerial time.

Certain other contentions in this regard (Opposition pp. 8-9) raise more difficult issues:

(1) The 2/25/03 entry is an integral part of advocacy, but also includes the phrase "forwarded to Lex Group." The terms "mailing," "filing" and "forwarding" are ambiguous, since they may refer to either doing the task

3

oneself or having someone else do it. American Petroleum Institute, supra. Here, the documentation is inadequate to wholly clarify the meaning of "forwarding." A 15% reduction by .5 hours (3.5 hours x .15 = .5) is appropriate. Kennecott Corporation v. EPA, 804 F.2d 763 (D.C. Cir. 1986).

(2) The 5/4/03 entry "Prepare Form" is ambiguous as to whether done or ordered done, and the time too short to apportion. Therefore, the .2 hour entry is deleted.

(3) The 6/2/03 "count pages" entry relating to the bill of costs, and the 6/3/03 "mail" entry for the bill of costs, are ambiguous as to whether done or ordered done. The bill of costs was in fact prepared, so a 30% reduction by .6 hours (.9 hours + 1 hour = 1.9 hours x 30% = .6 hours) is appropriate. American Petroleum Institute, supra, Kennecott, supra.

(4) While the 1/8/04 entry reflects an integral part of advocacy, the phrase "forward to Lex Group" is ambiguous as to whether done or ordered done. A 15% reduction of .5 hours (3 hours x 15% = .5) is appropriate (see 2/25/03 discussion above).

(5) The 10/7/04 entry refers to informing clients of the status of the matter, but it does include the term "sent" that is ambiguous as to whether the mailing was done or ordered done. A 15% reduction of .3 hours (2 hours x 15% = .3 hours) is appropriate (see 2/25/03 discussion above).

Accordingly, the hours will be reduced in response to Defendant's Clerical and Administrative contention as follows:

| | |
|---|---|
| 2/25/03 | .5 hours |
| 5/4/03 | .2 hours |

|          |              |
|----------|--------------|
| 6/2/03   | .6 hours     |
| 1/8/04   | .5 hours     |
| 10/7/04  | .3 hours     |
| Total Hours | 2.1       |

Total Reduction - $756

(2.1 hours x $360)

## II. Travel Time
(Opposition p. 10)

It is undisputed that on three occasions Plaintiffs' counsel went from their office in the D.C. suburb of Silver Spring, Maryland to the federal courthouse in downtown Washington, D.C. to participate in oral argument in this case, did participate, and then returned to their office in Silver Spring. The time entries read:

| 3/20/03 | "Travel to hearing," appear, argue. | 3.5 hours |
| 5/8/03  | "Travel to Court for oral argument." | 3.4 hours |
| 3/15/04 | "Travel to argument" | 3.5 hours |

Defendant contends in effect that because the word "travel" begins each entry, each should be regarded as 100% travel time, and as such should be excluded as "unreasonable and excessive." There is no merit in this contention. Such a result can be achieved only by ignoring rather plain meaning, that work was performed away from the office, and then piling up unwarranted inferences.

There is, however, a genuine ambiguity here. Plaintiffs do appear to include the time from office to Courthouse and Courthouse to office in these entries, but in their Memorandum (footnote 1) state that they are "not seeking to recover for. . . travel time." Where as here the travel was necessary, but the documentation is ambiguous, a reduction

5

is appropriate. Michigan v. EPA, supra. Here, a 30% reduction of 3 hours for the combined three entries (10.4 hours x 30% = 3 hours) is appropriate. Kennecott, supra.

Reduction – 3 hours

Reduction – $1,080

(3 hours x $360)

### III. Duplicative Entries[2]
(Opposition p. 14)

Defendant contends that the same entry appears twice, namely:

| | | |
|---|---|---|
| 9/11/02 | Review Howard 89 page fax which had been faxed overnight (JK/KD); discuss; plan opposition. | 1.5 hours |
| 9/11/02 | Review Howard revised 89 page Emergency Motion/hand-delivered (compared differences noted potential response). | 1.75 hours |

While the two entries are similar, they are far from identical. The first refers to reviewing an 89 page overnight fax from Defendant and planning a response, while the second refers to reviewing a hand-delivered revised version of the 89 page document noting differences between the two and planning a response. Moreover, the first entry states that two attorneys were present during the discussion (JK and KD), while the second does not. Thus, on the face of the matter the two entries deal with separate work sessions regarding different drafts, are not internally duplicative or inconsistent. Moreover, Defendant had every opportunity to deny in its Opposition that there were two versions of the 89 page communication, but failed to do so.

---

[2] Defendant requests (Opposition p. 14) that the 6/2 and 6/3/03 entries relating to the bill of costs be reduced because unnecessary. These entries are substantially reduced on other grounds. See Section I above.

6

## IV. Work That Achieved No Success
(Opposition pp. 12-14)

No fees are appropriate for time entries where little or no success was obtained. There must have been at least a modicum of success, some contribution to a positive resolution. Kennecott, supra. For example, such a positive contribution might be several arguments made in support of a single contention, with one argument prevailing. American Petroleum Institute, supra, or might be contentions that do not prevail but do enhance a settlement strategy, Michigan v. EPA, supra.

Defendant contends that the time spent by Plaintiffs (entries for 2/18/03, 3/13/03, 4/5/03 and 5/21/03 totaling 3.2 hours) pursuing an unsuccessful Motion for Sanctions achieved no success. There is merit in this contention. The Motion was dismissed, and Plaintiffs do not contend that there was some sort of partial success.

Defendant contends that the time spent by Plaintiffs (entries for 6/2/03 and 6/10/03 totaling 2 hours) pursuing an unsuccessful Motion for Order to Show Cause (Contempt) achieved no success. There is merit in this contention. The Motion was dismissed, and Plaintiffs do not contend that there was some sort of partial success.

Defendant contends that the time spent by Plaintiffs on a Motion for Post-Judgment Interest and for Interest at District of Columbia (rather than federal) Rates (entries for 9/8/04 and 10/6/04 totaling 2.15 hours) achieved no success. The Motion was denied, and Plaintiffs do not contend that there was some sort of partial success.

Similarly, time spent by Plaintiffs writing to the Court requesting faster case movement (entries of 10/3, 11/5 and 12/11/02 totaling 5.5 hours) produced no visible success and should not be compensated.

        2/18, 3/13, 4/5, 5/21/03        3.2 hours

| | |
|---|---|
| 6/2, 6/01/03 | 2.0 hours |
| 9/8, 10/6/04 | 2.15 hours |
| 10/3, 11/5, 12/11/02 | 5.50 hours |
| Reduction | 12.85 |

Reduction - $4,626

(12.85 hours x $360)

## V. Unnecessary Work
(Opposition pp. 11-12)

Defendant contends that time spent by Plaintiffs writing to the Court requesting faster case movement (entries of 10/3/02, 11/5//02, 12/11/02 totaling 5.5 hours) was unnecessary. As shown in Section IV above, this time has already been deleted on other grounds.

Defendant contends that Plaintiffs' 3/4/03 work (1 hour) sending a letter to the Court of Appeals with Attachment correcting errors in their submitted Brief was unnecessary, because Defendant "should not have to pay for plaintiff's typos." However, rewriting and correcting errors are an integral part of the advocacy process and compensable. See, American Petroleum Institute, supra.

No Reduction

## VI. Inadequate Documentation
(Opposition pp. 3-6)

Defendant contends that a great deal of Plaintiffs' time should be entirely disallowed as "block entries", that is, entries in which "time spent on tasks that arguably were necessary" are lumped together with "time spent on tasks that were clerical in nature, unnecessary, or otherwise not entitled to reimbursement", making it impossible to

evaluate the reasonableness of the time spent on the arguably necessary tasks. (Opposition pp. 3, 6). In support of this contention, Defendant relies on <u>Role Models America, Inc. v. Brownlee</u>, 353 F.3d 962 (D.C. Cir. 2004).

In this Circuit, documentation is regarded as inadequate when insufficient to resolve disputed questions about what work was actually done. <u>Kennecott</u> supra. Where there is no basis for making such a determination, no fees need be awarded; but where there is some but not full information, requested time may be reduced. <u>Michigan v. EPA</u>, supra. Where the work was actually done, but is hard to quantify with a high degree of certainty because of documentation problems, reduction has ranged from 10% to 30%. Compare, <u>Michigan v. EPA</u>, supra (10%) with <u>Kennecott</u>, supra (15% to 30%).

In <u>Role Models America</u>, relied on by Defendant, some time entries listed up to six tasks that may or may not have been related, while other entries lumped compensable time for the case at bar with non-compensable time for a separate bankruptcy proceeding. Moreover, it was not at all apparent to the Court why Plaintiff expended 1059 hours on a rather brief injunction action with no discovery. In a context also replete with other serious documentation problems, rather than analyzing entry by entry, the Court reduced the number of requested hours by 50%.

As shown in Section I above, the entries based on keeping Plaintiffs informed regarding the status of the matter and related tasks are not clerical or ministerial as a matter of law. Therefore, the entries for 2/6/03, 5/8/03, 9/9/03 1/16/04, 1/19/04, 10/12/04 and 1/26/05 do not lump compensable and non-compensable time making reasonable evaluation impossible. The entry for 10/7/04 is also allowable for this reason, but the time has been reduced because an ambiguity as to "mailing" prevents total clarity.

As shown in Section I above, (a) the reference to "insert dates into calendar; review Court of Appeals Rules" in the 11/10/02 entry (1.2 hours) was not clerical or ministerial in context; and writing a due date down on a calendar is in any event <u>de minimis</u>; (b) the reference to "Draft is finalized; subsections created; proper form" in the

9

2/25/03 entry (3/5 hours) was not clerical or ministerial in context, but the time has been reduced because an ambiguity as to "mailing" prevents total clarity; (c) the time has been reduced for the 6/2/03 entry (.9 hours) because an ambiguity as to "page counting" prevents total clarity; (d) the time has been reduced for the 1/7/04 entry (2.9 hours) because an ambiguity as to "shephardize, compile" prevents total clarity; (e) the analysis and drafting portions of the 1/8/04 entry (3 hours) are not clerical or ministerial, but the time has been reduced because an ambiguity as to "mailing" prevents total clarity; and (f) the drafting and editing portions of the 1/24/05 entry (1.2 hours) are not clerical or ministerial, but the time has been reduced because ambiguity as to "filing" prevents total clarity. In each of these instances the work was actually done, and no entry contains a lumping of allowable and non-allowable time that makes reasonable evaluation impossible.

As shown in Section II above, the entry for 3/20/03 (3.5 hours) by any reasonable reading means that Plaintiffs participated in allowable oral argument. The work was done, reasonable travel time is allowable, there is nothing to suggest that the time is excessive, but a reduction in time has been made in response to ambiguity as to whether the 3.5 hours really includes travel. Reasonable evaluation is not impossible.

As shown in Section IV above, the entries for 10/3/02, 2/18/03, 9/8/04 and 10/6/04 relating to time spent in wholly unsuccessful tasks have been deleted.

The process of preparing oral arguments, briefs and other advocacy presentations includes analysis, research, drafting and revision. These are compensable. See, e.g., American Petroleum Institute, supra; Michigan v. EPA, supra; and Kennecott, supra. As every attorney knows, these elements are not static, compartmentalized or orderly; they are ongoing, overlapping and frequently untidy. When a single presentation is being prepared, and an entry reflects which of the essential elements come into play during the time in question, that is not a block entry. That is not lumping multiple compensable and non-compensable tasks so as to make it impossible to evaluate the reasonableness of the compensable time within the meaning of Role Models America (mixed time spent on the

compensable case at bar and a separate non-compensable bankruptcy proceeding). It is in this context that Defendant's contention, that the following time entries should be totally disallowed because they "lump together multiple tasks," should be considered.

| Date | Description | Hours |
|---|---|---|
| 9/17/02 | Make changes/review [Defendant's] out-of-circuit cases; John review; new draft of opposition. | 3.9 hours |
| 9/20/02 | Review/edit opposition; John Kennedy review; input changes; prepare final document. | 2.75 hours |
| 2/22 and 2/23/03 | Read Appellant's brief, outline issues, pull cases, outline appellee's brief, distinguish appellant's cases, write first draft. | 22 hours |
| 2/24/03 | John review draft, makes comments, makes changes, revised draft. | 7 hours |
| 5/30/03 | Review [Defendant's] Motion to Stay Enforcement of Judgment/discuss with John/review cases. | 2.2 hours |
| 7/25/03 | Review [Court's] order granting Motion Stay of Enforcement; directing [Defendant] to file bond; review with John Kennedy and discuss response; motion; options. | .25 hours |
| 12/18/03 | Review appellant's brief; write out cases to be pulled and read; outline brief. | 3.75 |

| | | |
|---|---|---|
| 1/3 and 1/4/04 | Review appellee's brief; research counter cases; produce rough draft of brief; draft Motion Summary Affirmance; outline brief. | 14.9 hours |
| 1/6/04 | Distinguish cases; write substantive law; discuss with John Kennedy; finalize first draft. | 2.5 hours |
| 2/20/05 | Draft reply; discuss; finalize. | 1.9 hours |

As the Special Master reads the controlling precedent, none of these entries mix compensable and non-compensable tasks, much less mix them to the extent of making it impossible to evaluate reasonableness. Each reflects the ongoing, overlapping, frequently untidy process of advocacy, and no argument is made here that the total number of hours spent on any of these particular projects was excessive. Defendant's block time argument is without merit.

The 1/22/03 entry is a different matter. "Conversation with Westmoreland, reviewing files and letter to [Defendant's counsel] regarding Westmoreland's wages .9 hours" may or may not relate to the case at bar. The entry is deleted because it is impossible to evaluate. <u>Michigan v. EPA</u>, supra.

Reduction .9 hours<br>
Reduction - $324<br>
(.9 hours x $360)

## VII. Costs
(Opposition p. 17)

Plaintiffs seek costs of $1119.53. Defendant objects to the $653.25 portion of this sum representing photocopies (2613 pages @ $.25/page), contending that the specific copies made are not identified.

Here, in view of the long and contentious history of post-settlement litigation, a large number of copies is hardly surprising. However, because the information is insufficient to count copies with a high degree of certainty, the copying figure will be reduced by 15%. Michigan v. EPA, supra.

$$\text{Reduction} - (\$97.99) \; \$98$$
$$(\$653.25 \times .15)$$

## Summary

Plaintiffs have requested $61,560 in attorney's fees, representing 171 hours at the Laffey rate of $360. This shall be reduced as follows:

| | |
|---|---:|
| Fee Request | $61,560 |
| Ministerial and Clerical Hours | 756 |
| Travel Time | 1080 |
| Inadequate Documentation | 324 |
| Hours with No Success | 4626 |
| Reductions | $6,786 |
| Fee Request | $61,560 |
| Reductions | -6,786 |
| Lodestar Figure | $54,774 |
| Costs Request | $ 1,119 |
| Reductions | -98 |
| Awarded | $ 1,021 |

13

| | |
|---|---:|
| Fees Awarded | $54,774 |
| Costs Awarded | 1,021 |
| Fees and Costs | $55,795 |

## Conclusion

Plaintiffs are awarded $55,795 in supplemental attorney's fees and costs

Respectfully submitted,

*Marshall F. Berman*
Marshall F. Berman
Special Master

Dated: 12/16/05

I:\Marshall's Documents\Summers v. Howard Univ .doc