IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK SUMMERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 98-2692 (AK) |
| v. ) | |
| ) | |
| HOWARD UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER OF JULY 19, 2005,
GRANTING IN PART PLAINTIFFS' MOTION
TO REFER SUPPLEMENTAL PETITION FOR
ATTORNEYS' FEES TO THE SPECIAL MASTER**

Defendant Howard University ("Howard"), by and through counsel, hereby submits this motion for reconsideration of the Court's order of July 19, 2005 (Doc. No. 233).[1]

## RESTATEMENT OF THE CASE

Howard opposed plaintiffs' request for supplemental fees by arguing that plaintiffs were effectively seeking a modification of the settlement agreement, plaintiffs' request was untimely and there was no statutory authority to support plaintiffs' request for fees.[2] The Court rejected Howard's argument that plaintiffs were trying to modify the settlement agreement, reasoning that plaintiffs' request was not inconsistent with the agreement. The Court observed that in the

---

[1] Howard's counsel spoke with plaintiffs' counsel on July 21, 2005 regarding plaintiffs' claim for supplemental attorneys' fees and Howard's intent to file a motion seeking reconsideration. Based on that conversation, plaintiffs oppose Howard's motion in its entirety.

[2] Howard offered other arguments, but those other arguments are not relevant to this motion.

agreement "there was no discussion of a payment cutoff date or what would happen if certain portions of the case were appealed." Order at 4.

Whatever the merits of the Court's reasoning on this point, the Court has not yet addressed with the requisite level of analysis the issue of the timeliness of plaintiffs' request for fees. If plaintiffs' request is not based on a modification of the settlement agreement, then the deadlines for motions for attorneys' fees set forth in precedent and the relevant statutes - - in particular Fed. R. Civ. P. 54 - - must govern the timeliness of plaintiffs' request.

Before discussing the implications of this authority, it will be useful to review, once again, some of this case's history. In particular, a proper characterization of the Court's orders of May 7, 2003 and June 16, 2003 (Doc. Nos. 198, 205) is critical for determining whether plaintiffs' fee request is timely.

On May 7, 2003, this Court entered a final order, directing Howard to pay a specified amount of damages to plaintiffs (Doc. No. 198). Significantly, the parties, this Court and the court of appeals all treated this final order as the judgment of the court (Doc. No. 199; Doc. No. 204; Doc. No. 213). The mandate of the court of appeals, which was filed with this Court on August 30, 2004, expressly states that "the *judgment* of the District Court appealed from in these causes is hereby affirmed" (emphasis added).

The mandate refers to "causes" because Howard appealed from another order, namely this Court's order of June 16, 2003, which awarded plaintiffs a specified amount of attorneys' fees (Doc. No. 204; Doc. No. 209). The parties, this Court and the court of appeals all treated this order as a final order on attorneys' fees, *not* an interim order on attorneys' fees, as demonstrated by this Court's grant of Howard's motion to stay this order (Doc. No. 211), plaintiffs' failure to argue that Howard had improperly appealed an interlocutory order, and the

2

DC1 30149503.1

court of appeals' consideration of the merits of Howard's appeal of the fees award. *Summers v. Howard University*, 374 F.3d 1188, 1192 n.2 (D.C. Cir. 2004).

It is undisputed that plaintiffs did not file a request for supplemental fees with this Court until January 25, 2005 - - some 18 months after this Court's judgment and almost 5 months after the issuance of the mandate from the court of appeals. It is also undisputed that plaintiffs did not file a cross-appeal on the fees issue nor did they file a motion with the court of appeals requesting an award of fees for the work of their counsel on appeal.

Under these circumstances, for the reasons set forth below, it is apparent that the Court erred in granting plaintiffs' motion, at least with respect to fees for work prior to August 30, 2004, and Howard respectfully requests this Court to reconsider its decision.

## ARGUMENT

### PLAINTIFFS' REQUEST FOR FEES IS UNTIMELY AND THEY HAVE CITED NO AUTHORITY TO SUPPORT THEIR REQUEST FOR FEES FOR WORK ON APPEAL

At the outset it is important to note that plaintiffs appear to be requesting fees for work in the district court since August 2002, including work done prior to the Court's judgment of May 7, 2003, as well as work performed in connection with Howard's two appeals. It is important to note this because, at least arguably, different deadlines as well as different legal analyses apply to the different portions of plaintiffs' fees request.[3]

---

[3] Howard believes the most reasonable reading of plaintiffs' request is that it encompasses work in both this Court and the court of appeals. Plaintiffs' counsel confirmed in the telephone conversation on July 21, 2005 that their request encompasses all of this work.

3

I.   **PLAINTIFFS' REQUEST FOR FEES IS UNTIMELY**

    A.   **FED. R. CIV. P. 54 UNAMBIGUOUSLY BARS PLAINTIFFS' REQUEST FOR FEES FOR WORK IN THE DISTRICT COURT PRIOR TO MAY 7, 2003**

The Court acknowledges that in the settlement agreement "there was no discussion of a payment cutoff date or what would happen if certain portions of the case were appealed." Order at 4. Accordingly, because no deadline for a request for fees is specified in the settlement agreement, the Court must apply the deadlines provided by case law and statute.

Fed. R. Civ. P. 54(d)(2)(B) provides that a motion for attorneys' fees "must be filed no later than 14 days after entry of judgment." Plaintiffs did *not* file a motion for supplemental fees for their work in the district court within 14 days of May 7, 2003, the date of this Court's judgment. Therefore, plaintiffs have waived any right they may have had to request fees for the work of their attorneys in the district court between August of 2002 and the date of this Court's judgment. *E.g., Sol Salins, Inc. v. W. M. Ercanbrack Co., Inc.*, 155 F.R.D. 4 (D.D.C. 1994). *Accord Chaney v. New Orleans Public Facility Mgmt., Inc.*, 1998 U.S. Dist. LEXIS 2196 (E.D. La 1998) (failure to file the petition within 14 day period established by Rule 54 acts as a waiver of party's claim for attorneys' fees); *44 Liquor Mart, Inc. v. State of Rhode Island*, 940 F. Supp. 437, 439-42 (D.R.I. 1996) (fee petition denied as untimely because not filed within 14 days of judgment).[4]

---

[4] Howard notes further that, as the Court states in its July 19, 2005 Order, plaintiffs in their motion for supplemental fees fail to "provide the Court [or Howard] with any indication of the amount of fees and costs they seek to recover." Order at 2. This is another violation of Rule 54, which requires motions for fees to either "state the amount or provide a fair estimate of the amount sought." Fed. R. Civ. P. 54(d)(2)(B). This is not a meaningless requirement, as a good-faith estimate of the amount sought provides the parties with a basis for attempting to resolve the claim without court intervention. When counsel for the parties conversed on July 21, counsel

4

DC1 30149503.1

### B. PLAINTIFFS' FAILURE TO FILE A TIMELY RULE 54 MOTION ALSO BARS THEIR CLAIM FOR FEES FOR THE FIRST APPEAL

Whether or not plaintiffs have any authority to support their claim for fees for work of their counsel on the appeals (a question Howard discusses further below), it is important to note that the work of plaintiffs' attorneys on Howard's first appeal (which was dismissed on the ground that it was an appeal from an interlocutory order) was substantially completed by the time this Court issued its judgment on May 7, 2003. Indeed, oral argument on the appeal was held on May 8, 2003. The court of appeals issued its order dismissing the appeal on May 16, 2003. May 16, 2003 Order in No. 02-7069, *Summers v. Howard Univ.* Therefore, within the time limits set by Rule 54 for filing a motion for attorneys' fees after entry of a judgment, plaintiffs were aware that the first appeal had been resolved in their favor. Under these circumstances, it is apparent that plaintiffs' request for fees for work on the first appeal is time-barred.

Plaintiffs' inaction can be summarized as follows:

- Plaintiffs did not file a timely motion under Rule 54 requesting fees for work on the first appeal;

- Plaintiffs did not move for an extension of the Rule 54 deadline after the court of appeals dismissed the first appeal;

- Plaintiffs at no time requested the court of appeals to grant them fees.

Plaintiffs' inaction is all the more inexplicable given that they did move this Court for an award of their computer research costs allegedly incurred in connection with their first appeal. (Plaintiffs made this request via a letter to the Court on April 1, 2003, which attached a letter to

---

for plaintiffs declined to provide an estimate, stating that Howard should make an offer. This is not the process for resolving fees disputes contemplated by Rule 54.

the Special Master dated March 20, 2003). The Court denied plaintiffs' request for these costs when it issued its final order on attorneys' fees (Doc. Nos. 203, 205). Thus, plaintiffs clearly knew how to make a supplemental request for fees relating to the first appeal. They simply failed to do so.

### C. THE PLAINTIFFS ARE BARRED FROM SEEKING SUPPLEMENTAL FEES FOR WORK IN EITHER COURT PRIOR TO JUNE 16, 2003, THE DATE OF THIS COURT'S FINAL ORDER ON ATTORNEYS' FEES

On June 16, 2003, this Court issued its final order on plaintiffs' attorneys' fees request. That this was the Court's final order is demonstrated by the fact that Howard appealed this order and the court of appeals considered Howard's appeal on the merits. Has this been an interim fee award, the court of appeals would not have considered Howard's appeal, since an interim fee award is not appealable. *E.g., Petties v. District of Columbia*, 227 F.3d 469 (D.C. Cir. 2000); *Trout v. Garrett*, 891 F.2d 332, 335 (D.C. Cir. 1989). Accordingly, the Court's June 16, 2003 fee award must be considered a final award that precludes plaintiffs from seeking additional fees for any work undertaken prior to June 16, 2003. To rule otherwise would be inconsistent with the court of appeals' disposition of Howard's appeal of the June 16, 2003 Order. Respectfully, this Court lacks the authority to declare its June 16, 2003 Order to be an interim order *after* the court of appeals has already considered and ruled on an appeal from that order

The conclusion that plaintiffs cannot now claim additional fees for work performed prior to June 16, 2003 is further supported by the fact that plaintiffs did not file a cross-appeal in response to Howard's appeal. In its July 19, 2005 Order, this Court observes that until "matters taken up on appeal [from the judgment] were resolved, there would be no basis for the Plaintiffs to move for additional fees." Order at 4 n. 7. Howard must respectfully disagree, and its disagreement is amply supported by precedent. The fact that had Howard prevailed on its appeal no fees would have been awarded does not relieve plaintiffs of their responsibility to file a cross-

DC1 30149503.1

appeal if they wanted to enlarge the relief they had obtained from this Court. Parties are expected to file cross-appeals whenever they do not obtain all the relief they believe they are entitled to, even if their request may be mooted by a reversal of the district court. *E.g., McDonald v. Washington*, 15 F.3d 1126, 1131 (D.C. Cir. 1994) (plaintiffs' cross-appeal for additional attorneys' fees mooted by court of appeals' decision to deny award of any fees). As indicated by the *McDonald* decision, parties routinely file cross-appeals with respect to fee awards, and there is absolutely no reason to excuse the plaintiffs for their failure to do so here. The Supreme Court has emphasized the critical importance of cross-appeals, stating that a party may not enlarge its rights under a judgment absent a cross-appeal and that "in more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of our holdings has ever recognized an exception to this rule." *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999). This Court should not and cannot create a novel exception to the rule mandating cross-appeals.

Because plaintiffs did not file a cross-appeal, either with respect to Howard's appeal of the underlying judgment or with respect to Howard's appeal of the Court's final order on attorneys' fees, neither the court of appeals nor, *a fortiori*, this Court can now increase the amount of fees to be awarded plaintiffs for work performed prior to June 16, 2003. *E.g., Doherty v. Wireless Broad. Sys. of Sacramento*, 151 F.3d 1129, 1131 (9th Cir. 1998); *Burgo v. General Dynamics Corp.*, 122 F.3d 140, 145 (2nd Cir. 1997).

### D. PLAINTIFFS' FAILURE TO REQUEST FEES FROM THE COURT OF APPEALS BARS THEM FROM NOW REQUESTING FEES FOR WORK ON THE SECOND APPEAL

Plaintiffs' failure to file a cross-appeal "does not bar [them] from requesting fees" for work on the second appeal. *Burgo*, 122 F.3d at 145. What does bar them, however, is their failure to request fees from the court of appeals. If a party believes it is entitled to fees for work

7

DC1 30149503.1

on appeal, it is standard procedure for the party to file a motion with the court of appeals, whether the case involves the Fair Labor Standards Act or some other statute that entitles a prevailing party to fees. *E.g., Burgo,* 122 F.3d at 145; *League of United Latin American Citizens v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1236 (5th Cir. 1997); *Krewson v. Finn*, 107 F.3d 84, 86 n.2 (1st Cir. 1997); *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150-51 (5th Cir. 1970) (FLSA case); *Bable v. T.W. Phillips Gas and Oil Co.*, 287 F.2d 21 (3d Cir. 1961) (FLSA case); *United States Steel Co. v. Burkett*, 192 F.2d 489, 492 (4th Cir. 1951) (FLSA case). The rationale for this practice is the obvious one that it allows the court that has first-hand knowledge of the work of counsel to determine how much, if any, additional compensation should be provided to counsel. *Compare Bable*, 287 F.2d at 25 (counsel entitled to additional fees for work on appeal) *with Burkett*, 192 F.2d at 492 (counsel not entitled to additional fees for work on appeal).

In some cases, of course, the court of appeals, can remand to the district court with instructions to determine the amount of fees to which counsel might be entitled. *E.g., Montalvo*, 426 F.2d at 1150-51. There was no such remand in this case. To the contrary, the court of appeals affirmed both the judgment of this Court and its final order on attorneys' fees. The mandate of the court of appeals, which was issued on August 26, 2004 and filed with this Court on August 30, 2004, disposed of the fees issue in its entirety, leaving no further work for this Court, other than to oversee payment of the judgment. "[B]ecause the . . . judgment disposed of the appealed issues without the necessity of remand, all such appealed issues are withheld from further consideration by the district court, as they are included within the . . . mandate." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379 (Fed. Cir. 1999).

To sum up, this Court is barred from awarding supplemental fees for work in this Court up until May 7, 2003 and for work on the first appeal because plaintiffs did not file a timely Rule

8

DC1 30149503.1

54 motion; this Court is also barred from awarding supplemental fees for work on the first appeal and for work in this Court up until June 16, 2003 because this Court issued a final order on fees, which Howard appealed and with respect to which plaintiffs did not file a cross-appeal; and this Court is also barred from awarding any supplemental fees for any work in either court prior to August 30, 2004, because there was no remand to this Court on any issue and the mandate of the court of appeals constitutes a final determination of liability, fees and costs.[5]

## II. THERE IS NO STATUTORY AUTHORITY TO SUPPORT AN AWARD OF FEES FOR WORK ON THE APPEALS

In its July 19, 2005 Order, the Court notes that Howard has argued "that the appeals in the instant case involved non-statutory issues [the grounds on which settlement agreements may be vacated] and thus, attorneys' fees are unwarranted." Order at 4-5. The Court, however, then remarks that "Defendant cites no legal authority supporting this proposition." *Id.* at 5. To the contrary, in its opposition (Doc. No. 229), Howard cited *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), for the proposition that a prevailing party is not ordinarily entitled to collect a reasonable attorneys' fees from the loser. Defendant's Opp. at 5-6.

Admittedly, Howard did not cite a case on all fours with the instant one. Howard has not found a case identical or even substantially similar to the instant one. Nonetheless, absent any authority that supports plaintiffs – and, as the Court notes, plaintiffs cited no authority in their motion for supplemental fees – the Court must rule in Howard's favor. Otherwise, this Court inappropriately places on Howard the burden of establishing that plaintiffs are not entitled to fees. However, under the American Rule, "each party in a lawsuit ordinarily shall bear its own

---

[5] Under this Court's interpretation of the settlement agreement, the Court arguably has the authority to allow plaintiffs to submit a petition for supplemental fees for work performed after August 30, 2004. Howard disagrees with the Court's interpretation, but it would not be appropriate to argue this point on a motion for reconsideration.

attorneys' fees *unless* there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (emphasis added). There is no express statutory authority that awards a party fees for work on an appeal presenting issues that do not implicate any of the facts supporting, or the law relevant to, a FLSA claim.

To the contrary, other courts have held that fees may be awarded for recovery on non-FLSA issues only "to the extent that those issues interrelate and overlap with FLSA ones." *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987). Neither this Court nor the court of appeals has made a finding that Howard's appeals presented issues that overlapped with the FLSA issues in plaintiffs' complaint, nor would such a finding be warranted by the record in this case. Accordingly, plaintiffs are not entitled to fees for their work on the two appeals, regardless of whether this Court believes their request for fees is timely.

## CONCLUSION

For all the foregoing reasons, this Court should vacate its Order of July 19, 2005 (Doc. No. 233). Furthermore, the Court should deny plaintiffs' request for supplemental fees to the extent plaintiffs request fees for work performed prior to August 30, 2004, the date the mandate of the court of appeals was filed with this Court.

Respectfully submitted,

HOWARD UNIVERSITY

By_____/s/_____
   Ronald A. Lindsay #333435
   Chevanniese Smith #465096
   SEYFARTH SHAW LLP
   815 Connecticut Avenue, N.W., Suite 500
   Washington, DC 20006-4004
   (202) 463-2400

Dated: July 26, 2005

10

DC1 30149503.1