UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
FRANK SUMMERS, et al.           )
                                )
        Plaintiffs,             )
                                )
    v.                          )         Civil Action 98-2692 (AK)
                                )
HOWARD UNIVERSITY,              )
                                )
        Defendant.              )
_____)
```

## **MEMORANDUM OPINION**

Pending before this Court is the Special Master's Supplemental Attorneys' Fees and Costs

Report ("Supplemental Fee Report") [not docketed], and the Objections by Defendant Howard

University ("Howard") to the Supplemental Fee Report ("Objections") [248], Plaintiffs' Motion

to Enforce Settlement Agreement as Response to Defendant's Objections ("Response") [250],

and Defendant's reply to the Plaintiffs' Response ("Reply") [253].[1]  The Special Master

recommends that this Court award to the Plaintiffs $54,774,00 in attorneys' fees and $1,021.00 in

costs, totaling $55,795.00 in supplemental fees and costs.[2]  For the reasons set forth herein, the

---

[1]The Special Master, in his Report on Supplemental Fees at 1 n.1, notes that he is "acting
pursuant to the District Court's Order" [dated July 19, 2005, docketed at [233]], which granted in
part and denied in part the Plaintiffs motion for mediation, and indicated that the issue of
supplemental fees would be referred to a Special Master for a Report and Recommendation.  On
October 26, 2005, this Court entered an Order [246] referring the Plaintiffs' Supplemental
Petition for Attorneys Fees and the Defendant's opposition thereto to Special Master Marshall
Berman, for his consideration.

[2]Plaintiffs requested $61,560.00 in supplemental fees representing 171 hours of work,
billed at a rate of $360.00 per hour. Plaintiffs requested costs in the amount of $1,119.00.  The
Special Master recommended a fee reduction of $6,786.00, attributable to disallowance for
ministerial/clerical work [$756.00 reduction]; travel time [$1,080.00]; inadequate documentation

-1-

Court adopts a portion of the Special Master's Supplemental Fee Report and declines to adopt the balance, resulting in an approved fee award of $46,027.80 and a cost award of $1,021.00, totaling $47,048.80.  An appropriate Order accompanies this Memorandum Opinion.

## I. BACKGROUND

This case has a long and tortured history, beginning on November 3, 1998, when seventy-one Plaintiffs, who were employed as security officers at the Howard University campus, filed the instant action alleging violation of the Federal Fair Labor Standards Act ("FLSA") and the District of Columbia wage payment statute.  In May 2001, Plaintiffs and Defendant, through counsel, consented to the referral of this case for all purposes to the undersigned Magistrate Judge, pursuant to 28 U.S.C. §636©) and Local Rule 72.2, and the case was set for trial in October 2001.  In July 2001, Defendant filed a motion for partial summary judgment and partial declaratory relief, which this Court denied on August 1, 2001.  On August 16, 2001, Defendant moved to continue the trial, which was subsequently re-set for December 11, 2001.  The parties consented to bifurcate the trial, in part because it was anticipated that the damages phase of the trial would consume several months.

On December 9, 2001, the parties notified the Court that they had reached an agreement resolving the issue of liability in this case.  The parties subsequently agreed that the Court should appoint Marshall Berman as a Special Master for purposes of determining damages, and on February 8, 2002, this Court entered an Order [167] of appointment.  Shortly thereafter, Howard

---

[$324.00]; and hours without success [$4,626.00].  The Special Master proposed reducing costs by $98.00.

filed a Motion to Vacate the Consent Decree and Underlying Settlement [168].[3]  The Court held

a hearing on Defendant's motion to vacate on April 26, 2002, and on May 20, 2002, after both

parties submitted supplemental briefs, the Court denied Defendant's motion to vacate.  *See*

Memorandum Opinion and Order dated May 20, 2002 [175, 176].  On that same date, the Court

issued a Memorandum Order [177] setting a deadline by which the Special Master should

complete his fact finding proceeding and submit his Report and Recommendation.  On June 10,

2002, the Court modified its May 20, 2002 Memorandum Order, directing that the Special

Master should also make a recommendation on attorneys fees and costs, if any, which Plaintiffs

are entitled to recover.  *See* June 10, 2002 Modified Memorandum Order [178].

On June 10, 2002, Howard University filed a Notice of Appeal [179] from this Court's

May 20, 2002 Order [176] denying its motion to vacate, and Howard's appeal was docketed as

Appeal No. 02-7069.  The next day, Defendant filed an expedited  Motion to Stay the Case

Pending Appeal [180], which was denied by this Court in a Memorandum Opinion and Order

dated  June 25, 2002 [183, 184].[4]

On January 6, 2003, the Special Master filed his Back Wage Report ("Wage Report")

---

[3]Howard moved, pursuant to Fed. R Civ. P. 60, to vacate the consent decree and settlement on grounds that "Plaintiffs and their counsel have engaged in a pattern of misconduct in which they improperly and deliberately concealed the existence of a lawsuit filed in the District of Columbia Superior Court in June 2001," which is based upon the same facts alleged in this lawsuit.  Defendant argued that if it had been aware of the related litigation, it would not have settled this case without a universal settlement of both legal actions.  *See* Motion to Vacate the Consent Decree and Underlying Settlement and for Sanctions [168] at 1-2.

[4]The Court of Appeals docket sheet for Appeal No. 02-7069 indicates that, on October 10, 2002, the Court of Appeals entered a *per curiam* order denying Howard's motion to stay the case.  In connection with that appeal, the Court of Appeals also denied Plaintiffs' motion for sanctions.  On May 16, 2003, the Court of Appeals dismissed Howard's appeal for lack of jurisdiction.

[188], and on January 31, 2003, Howard filed its objections to the Wage Report [190].  The

Court held a hearing, on March 20, 2003, to consider Defendant's objections to the Wage Report,

and on May 7, 2003, the Court affirmed the Special Master's Wage Report [197,198], thereby

awarding $318,080.99 in back wages to the Plaintiffs.  Howard appealed from the Court's Order

[198], on May 27, 2003, and its appeal was docketed at Appeal No. 03-7074.  A few days later,

Howard moved to stay enforcement of the judgment pending appeal and for approval of a

supersedeas bond, and Plaintiffs moved for a show cause order as to why Defendant should not

be held in contempt for non-compliance with the Court's orders.  On June 16, 2003, this Court

entered an Order [204] granting the motion to stay enforcement and for approval of a supersedeas

bond, and denying the Plaintiffs' motion for an order to show cause.

On February 19, 2003, the Special Master provided the Court with his Report on

Attorneys' Fees and Costs ("Fee Report") [191], and on April 4, 2003, Howard filed its

objections to the Fee Report.  This Court affirmed the Fee Report in a Memorandum Order [205],

dated  June 16, 2003, and awarded Plaintiffs legal fees in the amount of $205,061.00, and costs

in the amount of $15,845.00, totaling $220,906.00.  On July 15, 2003, Howard appealed from

this Court's Memorandum Order [205], and that appeal was docketed as Appeal No. 03-7096.

Three days later, Howard moved to stay enforcement of that judgment pending appeal and for

approval of a supersedeas bond [210].  On July 25, 2003, this Court entered an Order [211]

granting Howard's request for a stay and approval of bond.

On August 30, 2004, the Court of Appeals affirmed this Court's judgment in both Appeal

No. 03-7074 and Appeal No. 03-7096.  Thereafter the parties engaged in a dispute regarding the

calculation of interest on the judgment, which was resolved by this Court's Memorandum Order

dated November 18, 2004 [222].  On January 26, 2005, Howard filed its Satisfaction of

Judgment [228], indicating that all back wages, fees, costs and interest had been paid.  At the

same time, Plaintiffs filed a motion to refer their request for supplemental attorneys fees to the

Special Master, or in the alternative, to have the matter referred for mediation [227].  This Court

subsequently ordered that the issue of supplemental attorneys fees be referred to the Special

Master.  *See* Order [233].

      Howard moved for reconsideration of that Order [233], alleging that the Plaintiffs'

request for supplemental fees was untimely under Fed. R Civ. P. 54(d)(2)(B); the mandate of the

Court of Appeals foreclosed further reconsideration of the merits of the case and the award of

fees and costs; and there is no statutory authority to support an award of fees arising from the

appeals, because the appeals did not address any issue arising under the Fair Labor Standards

Act.  *See* Howard's Motion for Reconsideration [235].  On August 5, 2005, the Court entered an

Order denying without prejudice Defendant's motion for reconsideration, finding the motion

"premature insofar as the Special Master has made no finding on whether or not Plaintiffs are

entitled to supplemental attorneys fees."  Order [238] at 1-2.  Plaintiffs were subsequently

allowed until September 29, 2005 to file their supplemental fee petition.  On October 26, 2005,

the Court entered an Order [246] referring the matter of the supplemental fee petition and the

opposition thereto for consideration by Special Master Marshall Berman.

      The Special Master provided a copy of his Supplemental Fee Report [undocketed] to the

parties and the Court on December 16, 2005.  Howard objected to the Supplemental Fee Report

[248] and Plaintiffs responded by filing a Motion to Enforce the Settlement Agreement [250].

Defendant filed its Reply thereto [253] on February 21, 2006. Currently pending before this

Court are the Special Master's Supplemental Fee Report and certain issues in Howard's motion for reconsideration [235], which are now ripe for consideration in light of the Special Master's finding that Plaintiffs are entitled to supplemental fees.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 53(a), "[t]he court in which any action is pending may appoint a special master therein."  Although Fed. R. Civ. P. 53 (b) provides that "[a] reference to a master shall be the exception and not the rule," it does specifically carve out an exception for such references when the issues are complicated.  *See also* Advisory Committee Notes to Fed. R. Civ. P. 53(a) (1983 Amendment) ("[M]asters may prove useful when some special expertise is desired. . .")  For example, "[w]hen matters of accounting are in issue before the master, the master may prescribe the form in which the accounts shall be submitted . . ."  Fed. R. Civ. P. 53(d)(3).[5]

A Special Master's findings of fact in a non-jury action are to be accepted unless they are clearly erroneous.  Fed. R. Civ. P. 53(e)(2).  Findings of fact in a Special Master's report are reviewed for clear error while conclusions of law are reviewed de novo.  *In re Vitamins Antitrust*

---

[5]The instant case involves FLSA and District of Columbia wage payment claims. Marshall Berman, the Special Master, received his J.D. in 1967, and his L.L.M. in Labor Law, with Highest Honors, in 1970.  Mr. Berman has been in private legal practice since 1971, primarily working as a senior partner in the area of labor and employment law.  Prior to entering private practice, he worked for the District of Columbia Wage-Hour and Industrial Safety Board and at the National Labor Relations Board.  The Court initially referred the issues of back wages and attorneys' fees to Special Master Berman because of his expertise in the area of labor and employment law.  The Court later referred the supplemental attorneys' fees issue to Special Master Berman because he was intimately familiar with this case, having already made a determination as to the reimbursement of the initial costs and attorneys' fees requested by Plaintiffs.

*Litigation*, 198 F.R.D. 296 (D.D.C. 2000); *Oil, Chemical & Atomic Workers International Union, AFL-CIO v. NLRB*, 547 F. 2d 575, 580 (D.C. Cir. 1976), *cert. denied*, 431 U.S. 966 (1977). "A finding [of fact] is clearly erroneous if it is without substantial evidentiary support or was induced by an erroneous application of the law." *Hartman v. Duffey*, 973 F. Supp. 189, 192 (D.D.C. 1997) (citation omitted). The clearly erroneous standard applies even when factual findings do not rest on credibility determinations but are based on physical or documentary evidence or inferences from undisputed facts. *Oil, Chemical & Atomic Workers*, 547 F. 2d at 580. The burden of demonstrating error falls upon the objecting party. *Id.*

### III. ANALYSIS
### A. Motion for Reconsideration

As a preliminary matter, prior to analyzing the Special Master's Supplemental Fee Report, this Court must address Howard's arguments in its motion for reconsideration [235] that the Plaintiffs' supplemental fee request is "untimely" and there is "no statutory authority to support plaintiffs' request for fees." Motion for Reconsideration [235] at 1.[6] Plaintiffs' request for supplemental fees covers the period from August 2002, which is after Plaintiffs submitted their initial fee petition to the Special Master, through February 2005, when the Plaintiffs' motion to refer the issue of supplemental fees to the Special Master, or alternatively, to set a

---

[6]"Only if the moving party presents new facts or a clear error of law which 'compel' a change in the Court's ruling will the motion to reconsider be granted". *State of New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995); *National Center for Manufacturing v. Department of Defense*, 199 F. 3d 507, 511 (D.C. Cir. 2000). Plaintiffs filed an opposition to the Defendant's motion for reconsideration but that opposition does not cite any case law; instead, it focuses on the terms of the settlement agreement between the parties.

mediation, was fully briefed.[7]  In its Motion for Reconsideration, Howard first asserts that

Plaintiffs' failure to comply with the requirements of Fed. R. Civ. P. 54 bars the Plaintiffs from

requesting fees for work in the District Court prior to May 7, 2003, when this Court entered a

judgment affirming the Special Master's Wage Report.  According to Howard, Fed. R. Civ. P.

provides that a motion for attorneys' fees "must be filed no later than 14 days after entry of

judgment," and there is no dispute that Plaintiffs did not file for supplemental fees within 14 days

after May 7, 2003.  *See* Motion for Reconsideration at 4, citing cases holding that if the 14 day

period is not observed, the party waives its right to request fees.[8]

Howard ignores that portion of Fed. R. Civ. P. 54 (d)(2)(B), which gives courts discretion

to extend the 14 day period, stating that "[*u*]*nless otherwise provided by statute or order of the*

*court,* the motion [for attorneys fees] must be filed no later than 14 days after entry of judgment, .

. . ."(emphasis added )  The 1993 Amendments to paragraph (2) of Rule 54, subdivision (d),

explain that "[a] notice of appeal does not extend the time for filing a fee claim based on the

initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by

permitting claims to be filed after resolution of the appeal."

In this case, Plaintiffs waited until after the Court of Appeals dismissed the three appeals

---

[7]Counsel for Plaintiffs submitted a time sheet showing their billable time , with the last billable entry dated February 20, 2005.  There is one additional entry for September 28-29, 2005, which reads "Draft Petition for Attorneys' Fees," but Plaintiffs make no claim for any fees associated with that task.  The Supplemental Fee Report considers all of Plaintiffs' supplemental attorneys' fees and costs in this matter.  No further fees and/or costs will be considered by the Court.

[8]Howard cites one case from this Court, *Salins v. Ercanbrack  Co.*, 155 F.R.D. 4 (D.D.C. 1994) but that case is factually distinguishable insofar as it involved the late filing of an initial motion for attorneys fees as opposed to a motion for supplemental fees.  In the instant case, the Plaintiffs' request for their initial fees was still pending before this Court on May 7, 2003.

taken by Howard and Howard satisfied the judgments on back wages and initial attorneys' fees and costs before they moved for their supplemental attorneys' fees and costs.  In light of the contentious and extensive history of this case, the Court finds that Plaintiffs acted appropriately in the interest of avoiding duplication of effort and promoting judicial efficiency.  *See Parker v. Califano*, 443 F.Supp. 789 (D.D.C. 1978) (rebutting defendant's argument that plaintiff was only entitled to recover fees incurred on or after appeal and not for hours expended prior to the court's issuance of a Memorandum Opinion awarding plaintiff [initial] attorneys' fees and costs).  In *Parker*, plaintiff's counsel submitted a motion for additional attorneys fees, and attached affidavits showing that counsel worked on the case "between the time plaintiff's initial attorneys' fees motion was filed and the time this Court issued its Order and Memorandum Opinion . . . ." *Id.* at 792.  The *Parker* court found that Plaintiff's counsel was entitled to compensation for that time because counsel had not yet been compensated for those hours and furthermore, "counsel's decision not to file any supplemental fees motions until the case was completed in its entirety was perfectly reasonable." *Id.*

See also *Bernback v. Greco*, No. Civ. A. 3:98CV0230, 2005 WL 1563503 (M.D. Pa. 2005) (wherein the court granted leave to plaintiff to file a supplemental motion for fees, thereby negating defendant's contention that plaintiff's supplemental motion for fees incurred in regard to post judgment activity was untimely under Rule 54(d)(2)(B) because it was not filed within 14 days of judgment) and *Columbia Steel Casting Co., Inc. v. Portland General Electric Company*, 31 F. Supp.2d 866 (D. Oregon 1998) (finding that plaintiff's motion for supplemental attorneys fees and costs was timely because it was filed within a reasonable time after the amount of fees incurred was known to plaintiff).

Howard also argues that Plaintiffs' failure to file a timely Rule 54 motion bars their claim for fees relating to the first appeal, on grounds that Plaintiffs should have moved for supplemental attorneys fees earlier because "the work of plaintiffs' attorneys on Howard's first appeal . . . was substantially completed by the time this Court issued its judgment [on the Wage Report] on May 7, 2003." Motion for Reconsideration at 5.[9]  Howard questions why Plaintiffs did not file their request for supplemental attorneys' fees at the same time they petitioned the Court for inclusion of supplemental costs related to computer research [via an April 1, 2003 letter] but the Court notes that it would have been judicially inefficient for Plaintiffs to file their request for supplemental attorneys fees prior to the conclusion of the Court of Appeals determination of Appeal No. 02-7069.[10]  Nor would it have been efficient for Plaintiffs to file their supplemental fee request prior to the issuance of the Court's June 16, 2003 Memorandum Order [205] affirming the Fee Report because Howard's Appeal No. 03-7074 was pending at that time and Plaintiffs were accordingly incurring fees relating to that appeal.[11]  Furthermore, the

---

[9]Howard notes that Plaintiffs moved for an award of some costs incurred in connection with the first appeal.  By letter dated April 1, 2003, Plaintiffs requested inclusion of their claim for approximately $4,000.00 in costs related to computer research regarding appellate work. The Court declined to award these costs, suggesting that they could be included in a bill of costs filed with the Court of Appeals.  In that letter, Plaintiffs noted that while they [had] not filed any supplemental requests for either fees or costs [since August 2002]," they would be moving for supplemental fees "if the case does not resolve itself otherwise."  This statement provided Howard with notice that Plaintiffs had incurred additional fees that they would later try to recover.

[10]The Court of Appeals made its ruling on Appeal No. 02-7069 on May 16, 2003, which was after this Court affirmed the Wage Report.

[11]While it is conceivable that the Plaintiffs could have requested their supplemental legal fees at the time they were incurred, or alternatively, grouped them into subsets of fees and requested them in connection with each completed appeal, they instead elected to consolidate their request for all additional fees incurred from August 2002 through February 2005.  In light of

Court had entered an Order granting Defendant's motion to stay enforcement of the judgment pending appeal so this case was in a holding pattern.

In light of the protracted, contentious nature of this litigation, the Court finds that Plaintiffs' decision to wait to supplement their request for attorneys' fees until all appellate activity had ceased and Howard had satisfied the judgment was a sound decision supported by the record in this case. Accordingly, Howard's contention that Plaintiffs are barred from collecting reasonable fees for their work on the first appeal because of the timing of their submission requesting supplemental fees is without merit. The same reasoning applies to rebut Howard's contention that Plaintiffs are barred from seeking supplemental fees for work in either court prior to June 16, 2003, the date of this Court's Order affirming the Fee Report.[12] In light of the fact that Howard took three appeals from this Court's Orders and thrice moved to stay the case, it was reasonable for Plaintiffs to wait until the satisfaction of judgment to file their consolidated claim for supplemental attorneys fees.

---

the flurry of appellate activity in this case, the Court finds this to be a reasonable course of action.

[12]Howard argues that the filing of a cross-appeal relating to fees may be a prerequisite to being able to obtain such fees, citing *McDonald v. Washington*, 15 F.3d 1126, 1131 (D.C. Cir. 1994) and *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999). Neither case supports Howard's contention. *But see Maddix v. Dize*, 153 F.2d 274 (4th Cir. 1946) (where the district court's judgment for plaintiff, including an award of attorneys' fees, was affirmed by the Court of Appeals and the Supreme Court and no claim was made in the appellate courts for the additional fees incurred in connection with the appeals, the district court could award the additional fees.) In *Maddix, id.* at 276, the court found that:

> [t]he Fair Labor Standards Act directs that the District Court shall allow the fee in addition to the judgment; and while the allowance of an additional fee for appellate work may not be beyond the authority of the appellate court, the Act does not forbid the District Court to award such additional compensation in case the appellate courts have not been asked and have not undertaken to do so.

Howard further argues that because there is no interrelationship of appellate claims and FLSA claims, Plaintiffs are not entitled to fees for work opposing the appeals.  Howard proffers that "fees may be awarded for recovery on non-FLSA issues 'only to the extent that those issues interrelate and overlap with FLSA ones.'" Motion for Reconsideration at 10, citing *Diaz v. Ruiz,* 808 F.2d 427, 429 (5th Cir. 1987).  In *Diaz*, the Court of Appeals remanded the case for reconsideration of the trial court's award of attorneys fees relating to plaintiff's claims pursuant to the FLSA and the Farm Labor Contractor Registration Act.  The *Diaz* case has no bearing on the issues in this case, where the underlying attorneys' fees were derived through a settlement agreement executed by the parties, which provided for reasonable attorneys' fees, and the amount of such fees was subsequently determined by a special master, and then ruled upon by the trial court.  In the instant case, Defendant's challenge to the award of attorneys' fees was based on the Defendant's contention that the settlement was invalid, as opposed to challenging any relationship between fees and the underlying FLSA claims.  The supplemental fees in this case do not relate directly to work undertaken to recover FLSA damages, but instead to the Plaintiffs' defense against Howard's appeals and to enforcement of the judgment, and in that regard, the Court need not weigh the relationship between the fees and the FLSA claims.  *See Heder v. City of Two Rivers*, 255 F. Supp.2d 947, 961 (E.D. Wisc. 2003) (finding that a prevailing Fair Labor Standards Act plaintiff can obtain reasonable attorneys' fees for time spent obtaining fees.) *See  generally Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) ("[W]hen the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of these fees; he had no choice but to incur them or forfeit his victory. . . .")

## B. Howard's Objections to the Special Master's Supplemental Fee and Costs Recommendations

The plaintiff bears the burden of establishing all elements of the requested fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"); *Smith v. Roher*, 954 F. Supp. 359, 365 (D.D.C. 1997) ("The prevailing party shoulders the burden to provide the Court with sufficient evidence to justify its request.") (citation omitted). *Accord Covington v. District of Columbia*, 57 F. 3d 1101, 1107 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996) ("[A] fee applicant's burden in establishing a reasonable hourly rate entails a showing of at least three elements: the attorneys' billing practices; the attorneys' skill, experience and reputation; and the prevailing market rates in the relevant community.") (citations omitted).

Howard's response to the Plaintiffs' fee petition did not challenge the hourly rate employed by Plaintiffs' counsel but rather, Defendant contested the sufficiency of Plaintiffs' documentation and the propriety of counsel obtaining fees for certain tasks.  The Special Master considered the Defendant's opposition to the fee petition but he rejected most of the Defendant's challenges to the fee petition.[13]  Howard's objections to the Special Master's Supplemental Fee Report are consistent with its opposition to the fee petition; i.e., Howard challenges the way in which Plaintiffs' counsel recorded their time [block entries] and whether fees should be awarded

---

[13]The Special Master divided his Supplemental Fee Report into subsections addressing: 1) ministerial and clerical time; 2) travel time; 3) duplicative entries; 4) work that achieved no success; 5) unnecessary work; and  6) inadequate documentation.

for tasks they assert are clerical, duplicative, erroneous, or involve excessive time.[14]

Plaintiffs did not address the substance of Howard's objections to the Special Master's

Supplemental Fee Report; instead, they responding by filing a motion to enforce the settlement

agreement.  Howard's objections could accordingly be treated as uncontested, but for purposes of

setting forth a clear record in this case, each objection will be addressed in turn.  Howard

challenges the Special Master's proposed award of fees associated with: 1) inadequate

documents [block entries;] 2) clerical work; 3) a task that was double billed; 4) an erroneous

task; and 5) excessive time spent on certain tasks such as court appearances and travel time.[15]

### 1. Inadequate Documentation [Block Entries]

In its Opposition [245] to the Plaintiffs' supplemental fee petition, Howard listed thirty

time entries that are block entries [wherein the work description encompasses several tasks, and

it is impossible to determine how much time is attributable to each task] and asserted that all fees

attributable to these entries should be disallowed.  Howard contends that the D.C. Circuit

requires attorneys to itemize their time spent, breaking it down by tasks performed because

"[w]hen an attorney submits a block entry 'the court is left to approximate the amount of time

which should be allocated to each task'" and the documentation is therefore considered

"inadequate."  Objections at 4, citing *In Re Olson*, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989);

*accord Role Models American, Inc. v. Brownlee*, 353 F.3d 962, 970-971 (D.C. Cir. 2004) (the

---

[14]The portions of the Supplemental Fee Report that are not contested by either party are upheld by this Court because they are supported by the case law and the record in this case.

[15]In some cases, Howard argues for disallowance of any fees and in other cases, Howard proposes a reduction in the fee amount. Howard seeks an additional fee reduction in the amount of $14,253.30.

supporting documentation need be sufficiently detailed).

"In this Circuit, documentation is regarded as inadequate when insufficient to resolve disputed questions about what work was actually done."  Supplemental Fee Report at 9, citing *Kennecott Corporation v. EPA*, 804 F.2d 763 (D.C. Cir. 1986) (*per curiam*) (wherein the Court of Appeals held that petitioners were entitled to attorneys' fees but concluded that the amount must be reduced [by 15%] in light of the poor documentation and the petitioner's lack of success on one issue.)  "Where there is no basis for making such a determination, no fees need be awarded; but where there is some but not full information, requested time may be reduced." Supplemental Fee Report at 10, citing *Michigan v. EPA*, 254 F.3d 1087 (D.C. Cir. 2001) (where the Court of Appeals deducted from the fee calculation time entries that were wholly deficient and reduced the fee award with regard to entries that were inadequately detailed.)

The Special Master reads into these cases the additional requirement that block entries should be disallowed or reduced only when they combine "multiple compensable and non-compensable tasks so as to make it impossible to evaluate the reasonableness of compensable time."  Supplemental Fee Report at 10.  The Special Master erred in rejecting Howard's contention that block entries that group multiple tasks [whether these tasks are all compensable or mixed] should be disallowed or reduced. [16]

Howard notes that the Special Master reduced or disallowed compensation for eight of

---

[16]For example, the consolidated time entry dated 1/3-4//04, requesting compensation for 14.9 hours, reads: Review appellee's brief; research counter cases; produce rough draft of brief; draft Motion Summary Affirmance; outline brief.  The entry for 1/6/04 [2.5 hours] reads: Distinguish cases; write substantive law; discuss with John Kennedy; finalize first draft.  These entries are inadequately detailed to allow the Court to determine if the amount of time spent on certain tasks was reasonable under the circumstances of this case.  Nor do the entries consistently provide guidance regarding the person who was performing the tasks.

these thirty entries for reasons other than the fact that they are block entries.[17]  Howard argues

that "the remaining twenty-two entries are not entitled to compensation because they do not

conform to the standards established by the D.C. Circuit . . . ; however, to be consistent with the

Special Master,  Howard would accept a reduction of 15%, unless the block entries are

unacceptable for other reasons."  Objections at 5.  Regarding block entries that are challenged

solely on grounds of inadequate documentation, the Court finds a 15% reduction to be an

acceptable compromise and will therefore reduce 11 of the 12 block entries, dated: 9/17/02;

2/6/03; 2/22-23/03; 2/24/03; 5/30/03; 7/25/03; 12/18/03; 1/3-4/04; 1/6/04; 1/19/04; and

2/20/05.[18]  These entries total 61.55 hours, at a rate of $360.00 per hour, which equals $22,158.

A 15% reduction amounts to $3,323.70.   Consistent with the standards set forth in the case law

from this Circuit and the Special Master's determinations on ambiguous time entries, the Court

finds that the 3.2 hour time entry dated 5/06/03, which reads "Moot [sic] with other counsel"

should be disallowed on grounds that there is no description of the substance of such meeting or

the parties involved.  This disallowance results in a fee reduction of $1,152.00.  The block entry

dated 3/20/03 will be addressed in subsection 5 below.

## 2. Clerical Tasks

Howard contends that the Special Master erred by allowing reimbursement for a "number

---

[17]The Special Master reduced or disallowed compensation for eight entries, classified by Defendant as block entries and dated: 10/3/02; 1/22/03; 2/18/03; 2/25/03; 1/8/04; 9/8/04; 10/6/04; and 10/7/04.  The Special Master usually used 15% as his guideline for reducing fees awarded for a questionable time entry.

[18]According to Howard, the remaining ten entries [out of 22], dated 9/20/02; 11/10/02; 5/8/03; 9/9/03; 1/7/04; 1/16/04; 3/08/04; 10/12/04; 1/24/05; and 1/26/05, involve clerical tasks and should be disallowed in their entirety on that ground.  This proposition will be discussed herein.

of entries that were clerical or administrative in nature." Objections at 7. Furthermore, while the

Special Master recognized the legal principle that clerical and administrative work cannot be

reimbursed, "he characterized work that was clearly clerical in nature as an 'integral part[] of the

advocacy process.'" *Id.* The Special Master also disagreed with Howard's contention that

"'communicating the status of the case to clients is non-compensable ministerial time."

Supplemental Fee Report at 2. Howard asserts that the Special Master's determination to allow

reimbursement for clerical tasks is not only unsupported by law, but it is inconsistent with his

prior fee report wherein he stated that: "time spent making court filings, obtaining address

information, word processing, pulling and copying documents, and performing other ministerial

and clerical tasks . . . should not be recoverable as attorneys fees." Fee Report [191] at 3. *See*

*Michigan v. EPA*, 245 F.3d at 1095 (excluding fees for clerical tasks such as filing, reproducing

sending and obtaining documents); *American Petroleum Institute v. EPA*, 72 F.3d 907, 912-13

(D.C. Cir. 1996) (deducting time related to tasks such as filing of documents).

Howard contests ten block entries that are comprised in part of clerical tasks, and one

entry that is not a block entry, indicating that .4 hours of time, incurred on 1/7/03, was billed for

"sen[ding] [an] update letter to all 67 clients." Due to the inadequacy of the time descriptions

and the use of block entries, it is impossible to ascertain the amount of time attributable to

clerical tasks, which should be disallowed. Accordingly, these ten entries dated: 9/20/02;

11/10/02; 5/8/03; 9/9/03; 1/7/04; 1/16/04; 3/08/04; 10/12/04; 1/24/05; and 1/26/05, which total

22.85 hours, should be reduced by 25%.[19] This equals a reduction of $2,056.50. The 1/7/03

---

[19]The Court decided to apply a 25% reduction because these time entries are defective in
two ways; they are block entries utilizing inadequate descriptions and they consist in part of
administrative functions.

entry pertaining to the mailing of an update letter is disallowed because mailing a letter is an

administrative function.[20] This results in an additional reduction of $144.00.

### 3. Double Billed Task

Howard indicates that the Special Master mistakenly allowed reimbursement for the same

task twice because he assumed that there were two different documents reviewed by Plaintiffs.

*See* entries for 9/11/02, described as follows: "Review Howard 89-page fax which had been

faxed overnight (JK/KD); discuss plan opposition" [1.5 hours] and "Review Howard revised 89-

page **Emergency** Motion/hand-delivered (Compared differences noted potential response)

(emphasis in original) [1.75 hours].  Howard states that it has confirmed with Plaintiffs' counsel

that these two documents were identical and the two time entries are duplicative.  The Court

therefore finds that the second time entry for 1.75 hours should be disallowed, resulting in a

reduction of $630.00.

### 4. Erroneous Task

Howard objects to Plaintiffs' time entry for 3/04/03, which requests compensation for an

hour of time for a "Letter to Court Appeals re: typo in brief; attach page from brief."   The

Special Master stated that rewriting and correcting errors are "an integral part of the advocacy

process" and he thus allowed compensation, citing *American Petroleum*, 72 F.3d 907.  That case

does not support the Special Master's conclusion nor does the Court find that Howard should

---

[20]The Special Master correctly noted that fees for client service [keeping a client informed of the status of a matter] are compensable but his treatment of this 1/7/03 entry is inconsistent with his treatment of similarly worded entries, which included time billed for "forwarding" or "sending" documents [those entries were mixed with time billed for legal tasks].  While the Special Master reduced those time entries by 15%, he declined to reduce this time entry, even though it relates to a pure administrative function.

have to bear the cost of Plaintiffs' errors.  Plaintiffs' request for compensation for this entry

should be denied, resulting in a fee reduction of $360.00.

### 5. Tasks involving Excessive Time

_____Howard objects to the Plaintiffs' time entry for 8/03/04, which indicates that Plaintiffs

spent 2.2 hours preparing a bill of costs, on grounds that the time spent is excessive in light of the

task performed.[21]  The Special Master did not address this objection.  The Defendant's objection

is well founded in light of the fact that completing a bill of costs [form] is a simple task,

requiring administrative skills rather than legal skills.  The Court accordingly reduces that time

entry by 50%, resulting in a reduction of $396.00.

The Special Master reduced by 30% [3 hour reduction] Plaintiffs' three time entries

relating to travel time for attending hearings/arguments, dated 3/20/03, 5/08/03, and 3/05/04,

which initially totaled 10.4 hours.  Notably, Plaintiffs indicated on their time record that they do

not seek reimbursement for travel time and yet, each of these time entries begins with the word

"travel."   Defendants argue that an additional reduction of 1.9 hours in the time billed for

attendance at these hearings is warranted, in light of the fact that counsel billed Howard 2.4

hours, 1.5 hours, and 1.6 hours, respectively, for these same court appearances.  The Court finds

Howard's objection meritorious for three reasons: 1) Howard's total time billed for these court

appearances was 5.5 hours whereas Plaintiffs billed 10.4 hours; 2)  Plaintiffs state that they are

not billing for travel time; yet, each of these three time entries includes a reference to travel; and

---

[21]The Special Master reduced the two time entries relating to the preparation of the first
bill of costs because of ambiguities in those time entries.

3) there was a duplication of effort among counsel at the 3/20/03 hearing.[22]  Accordingly, a

further reduction of 1.9 hours is warranted, resulting in a reduction in fees in the amount of

$684.00.

### C. Summary of Fee Reductions

_____The Court has reduced [by 15%] eleven of twelve block time entries dated: 9/17/02;

2/6/03; 2/22-23/03; 2/24/03; 5/30/03; 7/25/03; 12/18/03; 1/3-4/04; 1/6/04; 1/19/04; and 2/20/05,

on grounds of inadequate documentation.  This results in a reduction of $3,323.70.  The Court

has also disallowed the 3.2 hour time entry, dated 3/20/03, on grounds of inadequate

documentation, which results in an additional reduction of $1,152.00.   The Court has reduced

[by 25%] ten time block entries dated: 9/20/02; 11/10/02; 5/8/03; 9/9/03; 1/7/04; 1/16/04; 3/8/04;

10/12/04; 1/24/05; and 1/26/05, on grounds of inadequate documentation and inclusion of

administrative functions, resulting in a reduction of $2,056.50.  The Court has disallowed the .4

hour time entry dated 1/7/03 [sending an update letter], resulting in an additional reduction of

$144.00.  The Court has disallowed Plaintiffs' claim for reimbursement for performing the same

task twice, double billed on 9/11/02, thereby resulting in a reduction of $630.00.  The Court has

further disallowed Plaintiffs' billing one hour for an error, thus resulting in a reduction of

$360.00.  The Court has reduced the time billed for certain tasks, where such time was deemed to

be excessive, thus resulting in reductions of $396.00 [filing a bill of costs] and $684.00 [court

_____

[22]"Duplication of effort is another basis on which [the] hours seem excessive."  *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States EPA*, 169 F.3d 755, 761 (D.C. Cir. 1999) (*per curiam*).  There was no reason that both counsel, each billing at a rate of $360.00, needed to attend the March 20, 2003 hearing regarding the Defendant's objections to the Special Master's Back Wages Report.

appearances].   The Court affirms the Special Master's fee reductions in the amount of $6,786.00

and finds warranted additional fee reductions equaling $8,746.20, resulting in a reduced fee

award of $46,027.80.   The cost award of $1.021.00 recommended by the Special Master is

approved.


DATED: March 20, 2006


_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE